UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WINDSOR MORTGAGE HOLDINGS LIMITED, LLC, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-170 |
| | § | |
| BRENDA S PYRON, *et al*, | § § | |
| Defendants. | § § | |

## ORDER DENYING MOTION TO DISMISS

Plaintiff Windsor Mortgage Holdings Limited, LLC (Windsor) filed this action against Defendants Brenda and Dennis Pyron (jointly Pyrons) to collect a debt secured by a home equity lien on the Pyron residence. Before the Court is "Defendants' Amended Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim" (D.E. 11). For the reasons set out below, the motion is DENIED.

### DISCUSSION

**A. The Court Has Subject Matter Jurisdiction**

When a Rule 12(b)(1) motion is filed together with other Rule 12 motions, the court should address the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2002). Federal Rule of Civil Procedure 12(b)(1) requires dismissal for lack of subject matter jurisdiction if the Court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The burden of proof is on the party asserting jurisdiction—Windsor, here. *Ramming*, 281 F.3d at 161. In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

Windsor filed this action claiming diversity jurisdiction under 28 U.S.C. § 1332. It thus has the burden to demonstrate that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. The parties do not dispute diverse citizenship, leaving the amount in controversy as the only jurisdictional issue.

The Pyrons acknowledge that, ordinarily, mortgage cases involve a property owner as plaintiff, seeking to enjoin a foreclosure. In that procedural posture, the amount in controversy is the full value of the property, even if the loan amount in default is significantly less. *See e.g.*, *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). To the contrary, however, the Pyrons argue that when the lender is the plaintiff, seeking to foreclose a lien on a property only to recover a debt, it is the amount of the debt—not the value of the property—that governs the jurisdictional question. *Farmer's Bank of Alexandria v. Hoof*, 32 U.S. 167, 170 (1833); *Sapphire Beach Resort & Marina Condo. Ass'n Revocable Tr. v. Martin*, No. CIV. 2007-13, 2008 WL 2074111, at *3 (D.V.I. May 13, 2008).

Windsor does not dispute the Pyrons' briefing. Instead, it argues that it has met the test the Pyrons advance. In particular, the jurisdictional statement recites that the amount of the debt, including attorney's fees, exceeds the amount of $75,000, regardless of the value of the property. Windsor alleges "The total debt owed of $67,713.31 plus reasonable attorney's fees through trial exceeds $75,000." First Amended Complaint, D.E. 7, ¶ 4. Attorney's fees are included in the calculation and even half the amount claimed ($10,000) still puts the amount in controversy over the threshold amount. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (contractually authorized attorney's fees as damages are included in the amount in controversy).

The Pyrons' challenge to Windsor's pleading of the amount in controversy is based on three exhibits. First, the Pyrons attach a copy of documents filed in a prior state court foreclosure action that GMAC Mortgage, LLC brought on August 27, 2012, against the Pyrons on the same note. They ask the Court to treat this material as a judicial admission.

"Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). Yet the Pyrons have offered nothing to demonstrate how a pleading filed by GMAC constitutes a factual assertion by Windsor. Furthermore, "[J]udicial admissions are not conclusive and binding in a separate case from the one in which the admissions were made." *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1991). The Pyrons have not demonstrated that their first exhibit (D.E. 11-1) is admissible evidence.

Second, the Pyrons offer an amortization schedule derived from an apparent private source. D.E. 11-2. They make no argument as to how this schedule is admissible. There is no evidence regarding the reliability of the source and no information regarding what data was input in order to generate the amortization schedule. The Pyrons have not demonstrated that their second exhibit (D.E. 11-2) is admissible evidence.

Third, the Pyrons offer an undated copy of Windsor's application for a foreclosure order against the Pyrons in another state court action, reciting a payoff amount calculated as of January 31, 2017. D.E. 11-3. They request the Court to take judicial notice of the facts pled. Judicial notice is proper if the fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Windsor's calculation of the amount due is not such a fact. If the Pyrons intended to offer the exhibit as a judicial admission, it is inadmissible as the pleading derives from a separate proceedings. *See Universal Am. Barge, supra*. The Pyrons have not demonstrated that their third exhibit (D.E. 11-3) is admissible evidence.

In addition to their exhibits, the Pyrons expound upon other reasons that Windsor's explanation of its amount in controversy cannot be true. Each of those reasons—the amount of late charges, lack of an escrow provision in the note, notices required before taxes are paid, the use of a private property tax company rather than the tax assessor, the amount of property taxes incurred—represent facts not in evidence and subject to dispute. As such, they do not defeat Windsor's jurisdictional allegations in this case but rather go to the merits.

Windsor's pleading explains why the Pyrons' representation of the amount owed on the note is incorrect: (a) a previous payoff amount of $53,188.26 is outdated; (b) additional interest, fees, and expenses, including property taxes and foreclosure fees have accrued; and (c) attorney's fees are estimated to exceed $20,000 due to the Pyrons' track record of disputing the debt and refusing to pay. *Id.*, ¶¶ 4-5. The amounts that Windsor claims to be in controversy are supported by the Declaration of Bob Lewandowski (D.E. 14-1), which is in admissible form and sets out each category, totaling $67,713.31. The Pyrons do not dispute that attorney's fees in this case could amount to $20,000 as alleged or at least rise to a level sufficient to render an amount in controversy over $75,000.

The Court finds that, on its face, the First Amended Complaint alleges an amount in controversy in excess of $75,000. Alternatively, the Court considers the evidence of record and finds that the amount in controversy exceeds $75,000, including reasonable attorney's fees and excluding interest and costs. Consequently, Windsor has satisfied its burden to demonstrate the jurisdictional facts necessary to invoke the Court's diversity jurisdiction. The Court DENIES the Pyrons' Rule 12(b)(1) motion.

**B. Windsor Has Stated a Viable Claim**

The Pyrons also seek dismissal under Rule 12(b)(6), claiming that Windsor has not "established" its right to recover. At the Rule 12(b)(6) stage, Windsor need only plead a plausible right to recover. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Pyrons have not identified any element of Windsor's claim that is not adequately pled. After reviewing the First Amended

Complaint (D.E. 7), the Court is satisfied that Windsor has pled a claim upon which relief may be granted. The Court DENIES the Pyrons' Rule 12(b)(6) motion.

## CONCLUSION

For the reasons set out above, the Court DENIES "Defendants' Amended Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim" (D.E. 11).

ORDERED this 26th day of September, 2017.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　NELVA GONZALES RAMOS
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE