UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WINDSOR MORTGAGE HOLDINGS LIMITED, LLC, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-170 |
| | § | |
| BRENDA S PYRON, *et al*, | § § | |
| Defendants. | § | |

### ORDER DENYING RECONSIDERATION AND GRANTING IN PART PLAINTIFF'S SECOND MOTION FOR FINAL SUMMARY JUDGMENT

Plaintiff Windsor Mortgage Holdings Limited LLC (Windsor) filed this action seeking judicial foreclosure on residential property owned by Defendants Brenda S. Pyron and Dennis L. Pyron (the Pyrons) for failure to pay all amounts due under the note secured by the property. By Order of April 25, 2018 (D.E. 37), the Court granted summary judgment eliminating Defendants' defenses and establishing that Plaintiff was entitled to enforce the note and deed of trust and that Defendants were in default. The only issues left were liquidation of the amount Defendants owe, an order permitting foreclosure, and Plaintiff's request for attorney's fees for prosecuting this case.

**A. Motion for Reconsideration**

On August 8, 2018, the Pyrons filed a motion for partial reconsideration of the April 25, 2018 Order. D.E. 46. In this motion, they demonstrated that Windsor supplied them with additional discovery after the discovery deadline and that the documents provided included evidence that the loan had been charged off as of December 31, 2012.

1 / 5

The Pyrons argue that this negated Windsor's argument and the Court's holding that the prior acceleration of the indebtedness had been abandoned and the loan had been reinstated. As a result, they claim, the newly discovered evidence supports dismissal on the basis of their affirmative defense of limitations.

In response, Windsor argues that the evidence does not constitute "newly discovered evidence" because the Pyrons did not exercise due diligence in attempting to obtain it. It was equally available to the Pyrons by subpoena. Perhaps more importantly, the additional records regarding the note are not material because a "charge-off" is an internal accounting matter that has no legal significance with respect to the collectability of the debt in general or the specific methods for doing so. *Long v. Turner*, 134 F.3d 312, 317–18 (5th Cir. 1998). The charge-off of the loan did not prevent the noteholder from reinstating the note and seeking payment of any amount to retire the debt. This includes a willingness to abandon acceleration and accept payments for less than the full amount due. *Id*.

Thus the cause of action did not accrue for purposes of limitations by virtue of the charge-off. The Pyrons, while having filed a reply (D.E. 51), have offered no authority to the contrary. The Court DENIES the motion for reconsideration (D.E. 46).

**B. Second Motion for Final Summary Judgment**

Before the Court is Plaintiff's Second Motion for Final Summary Judgment seeking a determination of the amount owed and an order of foreclosure. D.E. 38. Defendants have responded with objections to Plaintiff's summary judgment evidence, a declaration questioning Plaintiff's evidence of loan modification, and a declaration

controverting the attorney's fees that have been added to the amount due on the note. D.E. 44. Plaintiff has filed its reply, defending its evidence and objecting to Defendants' evidence. For the reasons set out below, the motion (D.E. 38) is GRANTED IN PART and DENIED IN PART.

Plaintiffs have demonstrated that Defendants' loan was modified on or about June 30, 2010, to capitalize accrued unpaid interest and to establish a new maturity date and interest rate. Fuss Declaration, D.E. 38-2, ¶ 7. Defendants objected to that evidence with conclusory, self-serving, and speculative testimony from Defendant Dennis Pyron. D.E. 44-1. The Court sustains the objections to the Pyron declaration and overrules the objections to the Fuss declaration and its exhibits.

The Fuss declaration established that as of May 17, 2018, the amount due on the modified note, which includes unpaid principal and interest, payoff of a private tax loan Defendants had incurred (encumbering the property), direct payment of property taxes, and attorneys' fees and costs in pursuing foreclosure, totals $89,722.46. D.E. 38-2, ¶¶ 7-11. The note continues to accrue interest at the rate of $7.058831575 per day. D.E. 38-2, ¶ 8.

Defendants complain that this accounting does not take into consideration all payments made on the loan. However, Defendants have failed to supply the Court with evidence of any particular loan payment that is not properly accounted for. Their argument is thus conclusory, speculative, and fails to provide evidence necessary to controvert the summary judgment evidence Plaintiff has offered. This is a failure to comply with Federal Rule of Civil Procedure 56(c). "[U]nsubstantiated assertions are not

competent summary judgment evidence. The nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citations omitted). It is not the task of this Court to sift through the record in an attempt to locate evidence to advance one party's claim. *Id*.

The Pyrons, through the Declaration of Lynda S. Ladymon (D.E. 44-2), complain that the attorneys' fees that have been included in the amount due are not reasonable. Windsor objects to the declaration on the basis that Ladymon is not qualified to testify as an expert regarding attorney's fees. Ladymon is a licensed attorney representing the Pyrons in this case. The Court OVERRULES the objection.

However, when there is competing evidence, the reasonableness of attorney's fees as damages presents a question of fact for a jury. *Satterwhite v. Safeco Land Title of Tarrant*, 853 S.W.2d 202, 206 (Tex. App.—Fort Worth 1993, writ denied ); *Argonaut Ins. Co. v. ABC Steel Prod. Co.*, 582 S.W.2d 883, 889 (Tex. Civ. App.—Texarkana 1979, writ ref'd n.r.e.). Consequently, the Court cannot award attorney's fees as damages in this summary judgment proceeding.

Nonetheless, the Court can grant summary judgment that Windsor is entitled to recover the remaining amounts due as a matter of law and order foreclosure to recover those amounts. The total amount claimed ($89,722.46) less the attorney's fees and costs ($24,409.59) renders a partial judgment of $65,312.87. Any remaining proceeds of the foreclosure sale shall be placed in the registry of the Court pending a determination of reasonable attorney's fees.

The Court further finds that there is no just reason for delay and will enter partial final judgment allowing the foreclosure to proceed.

## CONCLUSION

For the reasons set out above, the Court GRANTS IN PART the motion and HOLDS as a matter of law that the amount Defendants owe to Plaintiff, with the exception of attorney's fees, is $65,312.87, together with interest accruing in the amount of $7.058831575 per day from May 18, 2018, to the date of judgment. Plaintiff is entitled to judgment for this amount, together with judgment permitting foreclosure of the property, all to be set out in a separate document pursuant to Federal Rule of Civil Procedure 54(a). The motion (D.E. 38) is DENIED IN PART with respect to the claim for attorney's fees.

ORDERED this 9th day of October, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE